A. W. METCALFE

v.

HENRY GUNKEL.

*Practice—Imperfect Record.*

This court declines to interfere with the judgment for the defendant in the case presented, the record not purporting to contain all the evidence introduced in the court below.

Metcalfe v. Gunkel.

[Opinion filed February 26, 1892.]

Appeal from the Circuit Court of Madison County; the Hon. B. R. Burroughs, Judge, presiding.

Mr. A. W. Metcalfe, for appellant.

Mr. T. L. Gaertner, for appellee.

Sample, J.   The declaration filed in this cause counts in trespass and case.   The first count charges trespass to the plaintiff's close, to wit, a strip of land one rod wide meandering along Cahokia Creek for some distance, purchased by the plaintiff for the purpose of obtaining a private way to his lands.   The second count in case charges defendant with obstructing such way by making a ditch across same and constructing an embankment so as to divert the water in case of overflow of Cahokia Creek so that it is turned upon plaintiff's land, injuring the same, and into said ditch crossing said way so that the wash thereof will so deepen it as to require plaintiff to construct a bridge at a large expense, to wit, at an expense of $300.   The defendant pleaded not guilty and license as to first count, and not guilty as to second.   Trial was had before a jury which found for defendant, and the motion made by the plaintiff for new trial was overruled, and the case is brought here with the usual assignment of errors, all of which are insisted upon in the argument of counsel for appellant. The issues joined in this case simply raises the question, first, whether the defendant had trespassed upon the plaintiff's private way, or if he did, was he licensed so to do.   Second, whether he had dug or plowed a ditch across that way and raised an embankment and thereby diverted water, through the ditch, so as to wash and deepen it so that plaintiff would have to build a bridge, and that such water so diverted would also overflow plaintiff's lands adjoining.   These were questions of fact for the jury.   In order to determine the correctness of that finding we have read and examined carefully the full record, which does not purport to contain all the evidence

introduced.   On record page twenty-one, the plaintiff testified that the defendant's land had been cultivated up to within about five feet of the bank of the creek, and then the record states, "Witness takes the plat and explains to the jury in regard to the levee and ditch."   Again, this appears in record: " Here follows a long explanation of plat as to water, direction of creek, ditch, and levee, and where the water stood."   Then the next question is, "What are your damages by reason of this water you speak of; state to the jury definitely."   That question, from its context, evidently related to what the witness had told the jury, of which this court is in ignorance. On record page twenty-four, this appears: "Then follows a long explanation of the plat as to the embankment, the direction of the creek, the water across the plaintiff's bottom land, where the ground in question was plowed, and the points where the tenants traveled, also the narrow place in road, the points where certain tree or trees stood, their size, etc., and the direction of dyke."

On page twenty-six of record this appears in regard to the evidence of Leverett, the surveyor, an important witness: After being asked a few preliminary questions, " Then the witness is interrogated on the plat as to distance, points, and meanderings of creek, the ditch, dyke, public road elevations on surface of ground, the direction the water would run." The vital part of the evidence of several other witnesses seems to have been omitted in the same way on pages twenty-nine, thirty and thirty-four of this record.   On page forty-four such summarizing is concluded with these words: "Plat, plat, *ad nauseum.*"   It does not need the citation of authorities to show that this court can not properly try a case on such a record, when the assignments of error are directed at what occurred on the trial.   Judgment is affirmed.

*Judgment affirmed.*